sfvDGB Graham
delivered tlie opinion of the Court
This is an action of assumpsit by Williams, executor of Elliott, deceased, for money paid, laid out, and expended by the plaintiff for the use --of the defendant. The trial was had on the pleas of non-assumpsit, and •non-assumpsit within five years.
In the year 1842 an action of covenant was brought by Alexander against Hornbeck, in which Thomas Elliott, now deceased-, was the plaintiff’s attorney. Judgment was had, execution issued and replevied, and on the 22d September, 1842, execution on. the replevin bond was issued and made returnable in November fob *314 lowing. Oden, the defendant in this action, was thera an acting deputy Sheriff. The execution was placed in his hands, and returned by him “satisfied,” no date being given to the return, or endorsement on the execution.
Is a deputy sheriff who receives money on execution liable to plaintiff in assumpsit for the same? — quere.
Elliott, the attorney for Alexander, died, according to the proof, early in the year 1843. Sometime in the yea? 1848 (the precise time not stated) Williams, the executor of Elliott, paid to the agent of Alexander the principal, interest and costs of the judgment against Hornbeck, amounting, at the time of payment, to about the sum of $190. On the 31st October, 1848, this action .of assumpsit for money paid, laid out and expended by plaintiff for the use of the defendant, was brought by the executor against Oden. Upon the trial a verdict was rendered for plaintiff and judgment against the defendant for the sum of $82 in damages. The defendant has, by appeal, brought the case to this Court. Neither party asked instructions to be given to the jury and' none were given by the Court, So far as the record shows, the jury were left to determine the law as well as the facts of the case without the aid of instructions from the Court.
Several questions have been raised by the assignment of errors, and argued by the counsel. The question which has been chiefly argued by them, is whether this action is maintainable against a deputy Sheriff. For an official non-feasance of a deputy, we suppose the doctrine is well settled, that the action must be against the principal Sheriff, and not against the deputy. Whether this case comes within that principle, or whether the deputy who fails to pay over money collected by him on execution, may be sued in assumpsit, not as an officer, but as any other person might be who has money in his hands belonging to another and fails to pay it over, is a question which we, for the present, waive, not deeming that it is necessary to be decided in this case.
There is not a shadow of evidence that Oden ever requested Elliott, during his life, or his executor since *315 Iris death, to pay the money collected by him on the execution. We suppose the money was paid by the executor, because of some supposed liability of his testator. Such liability may have existed, although thefacts proved on the trial in this cause, do not show how an attorney, who died very shortly after an officer had collected money for his client, can be held responsible to the client for the failure of the officer to do his duty. There was, we have said, no express request from the defendant to Elliott, or to the plaintiff, to pay the demand, and no express promise to pay the executor of Elliott after the payment was made by him. Do the facts of the case raise an implied request or an implied assumpsit? The money, as the proof shows, was, as to the greater part of it, collected in the year 1842, and the whole residue of it in January 1843, This action was not commenced until October 1848, more than five years after Alexander’s cause of action accrued against the defendant. To a recovery in an action of assumpsit by Alexander, if he had brought this suit, the statute of limitation was a complete bar.
Where money is paid by one not in obedience to any request, nor in discharge of any legal liability to do so, no action can be maintained against the person fox whose benefit it has been paid.
This suit is brought because of the payment by Williams, and is not barred by time, if 'that payment gives a cause of action. Can the present plaintiff maintain the action? Is there such an implied request or assumpsit arising from the facts, as would make the defendant liable to him? Neither the testator, Elliott, nor his executor, Williams, was under any obligation whatever to pay this debt for Oden. No such duty to Oden, devolved on either of them. There was not any privity between Oden and the plaintiff, or his testator. Neither was he his surety, nor liable at all for his acts-or his defalcations or failure to discharge his duties. Although, as said already, the facts in this case do not show any liability on the part of Elliott, yet it is possible that his undertaking with Alexander may have been of a character to make his estate liable; but if so, it must have been because of his own neglect, (if he did not in fact collect the money of Oden, as is stated by one witness he did,) and not because of Oden’s conduct. It seems to *316 us that there is nothing in the facts of this case to sustain the plaintiff’s action, and consequently that the verdict and judgment ought to have been for the dei fendant and not for the plaintiff.
J. 4* W, L. Harlan for appellant; G. Davis for appellee.
The judgment of the Circuit Court is, therefore, reversed and cause remanded, with directions to set aside the verdict and judgment, and grant the defendant a new trial, on payment of costs, and for other proceedings not inconsistent with this opinion.